**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**CASE NO.**

NANCY GREGORY, individually and on behalf of
all other similarly situated,

    Plaintiff,

v.

VAGARO, INC. AND LACQUER ME NAIL
BAR DELRAY, LLC,

    Defendants.
_____/

## NOTICE OF REMOVAL

Defendant Vagaro, Inc. ("Vagaro"), by and through the undersigned attorneys and pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a), 1446, hereby gives notice of removal of this action from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "Circuit Court") to the United States District Court for the Southern District of Florida, West Palm Beach Division. In support of removal, Vagaro states as follows:

## DISCUSSION

**I.    Introduction and Background.**

On December 5, 2023, Plaintiff Nancy Gregory ("Plaintiff") commenced this action, *Nancy Gregory v. Vagaro, Inc., and Lacquer Me Nail Bar Delivery, LLC*, Case. No. 23-CA-016334, in the Circuit Court. On December 15, 2023, Vagaro was first served with a copy of the Summons and Complaint in this action. Defendant Lacquer Me Nail Bar Delivery, LLC ("Lacquer Me") has not yet been served with the Summons or Complaint. A true and legible copy of all process, pleadings, orders, and other papers or exhibits on file in the Circuit Court are attached hereto as

**Exhibit A**. Thus, pursuant to 28 U.S.C. § 1446(b)(1) this Notice of Removal is timely because it was filed within thirty (30) days of receipt of the Summons and Complaint.

Plaintiff's Complaint alleges that Lacquer Me, utilizing Vagaro's messaging platform, sent automated "telephonic sales calls"[1] to "thousands" of Florida consumers in violation of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 ("FTSA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. Compl. ¶¶ 66-72, 74-80, 82-92. Specifically, Plaintiff alleges that Lacquer Me utilized Vagaro's "automated text marketing service" to send "telephonic sales calls to consumers without having secured prior express written consent as required by the FTSA" (*Id*. ¶¶ 69-70) and to individuals whose numbers were listed on the national do not call registry (*Id*. ¶¶ 78-79) and/or who had internally requested to be opted out of receiving such communications (*Id*. ¶¶ 85-86).

Plaintiff brings this action as a putative class action, seeking to represent three (3) distinct classes:

- **No Consent Class**: "All persons in Florida who, (1) were sent a telephonic sales call regarding Defendant Lacquer Me's goods and/or services, (2) after June 30, 2021 and before May 26, 2023, (3) using the same equipment or type of equipment utilized to call Plaintiff." *Id*. ¶ 10.

- **Do Not Call Registry Class**: "All persons in the United States who from four years prior to the filing of this action (1) were sent a call or text message by or on behalf of Defendants; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purposes of selling Defendant's products and services; and (5) for whom Defendants claim (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendants claim it supposedly obtained prior express written consent to call the Plaintiff." *Id*. ¶ 11.

- **Internal Do Not Call Class**: "All persons within the United States who, within the

---

[1] Plaintiff's Complaint appears to use the phrases "text messages" interchangeably with "telephonic sales calls." *See, e.g.*, Compl. ¶¶ 4, 5, 8, 12, 14-22, 35-41, 50-54, 56, 59, 67, 70, 71, Exhibit A.

four years prior to the filing of this Complaint, were sent a text message from Defendants or anyone on Defendants' behalf, to said person's cellular telephone number after making a request to Defendants to not receive future text messages." *Id*. (collectively, including the No Consent Class, the Do Not Call Registry Class, and the Internal Do Not Call Class, the "Classes").

Plaintiff further alleges that "Defendants have placed telephonic sales calls to telephone numbers belonging to thousands of consumers via an automated dialer without their prior express written consent, while their numbers were listed on the national do not call registry and/or who had already requested to be opted out of further communications. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable." *Id*. ¶ 56.

Plaintiff seeks on behalf of herself and the members of the Classes, various forms of relief including: (i) an award of statutory damages; (ii) an order certifying this case as a class action and appointing Plaintiff as the class representative; (iii) an order declaring that Defendant's actions "violate the FTSA" and "the TCPA" and (iv) an injunction "requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Class." *See* Compl., Prayer for Relief.

## II. Basis for Jurisdiction.

### A. This Action is Removable Under the Court's Federal Question Jurisdiction.

As an initial matter, removal of this action to this Court is proper under 28 U.S.C. § 1331, 1441(a), and 1446 because this Court has original jurisdiction over all claims and actions arising under the "Constitution, laws or treaties of the United States." Plaintiff's Complaint alleges two causes of action under the TCPA—in particular, violations of 47 U.S.C. § 227. Such claims arise under the laws of the United States within the meaning of 28 U.S.C. § 1331 and provide this Court with original federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See, e.g.*, *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 753 (2012) (stating federal courts have federal question

jurisdiction over claims that arise under the TCPA); *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014) (same); *see also Verma v. Walden Univ., LLC*, No. 3:22-CV-776-BJD-JBT, 2023 WL 2780138, at *1 (M.D. Fla. Mar. 29, 2023) ("It is well established that claims asserted pursuant to the TCPA provide federal courts federal question jurisdiction.");

*Durham v. AMIKids, Inc.*, No. CV 18-559-BAJ-EWD, 2018 WL 6613816, at *4 (M.D. La. Sept. 25, 2018) ("Because this matter is before the Court pursuant to federal question jurisdiction, issues regarding the forum defendant and snap removal are not applicable."), *report and recommendation adopted sub nom. Durham v. Amikids Baton Rouge, Inc.*, No. CV 18-00559-BAJ-EWD, 2018 WL 6613794 (M.D. La. Dec. 17, 2018).

This Court also has supplemental jurisdiction over Plaintiff's FTSA claim because such claims are so related to the TCPA claims that they form part of the same case or controversy under Article III of the United States Constitution. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) (claims arise from the same case or controversy if they arise from "a common nucleus of operative facts"); *see also* 28 U.S.C. § 1367(a). Accordingly, removal on the basis of federal question jurisdiction is proper. *Duran v. Wells Fargo Bank*, NA., 878 F. Supp. 2d 1312, 1315-16 (S.D. Fla. 2012) ("This action was removed to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, because the Complaint alleges a violation of the TCPA.... It is established that federal courts have subject matter jurisdiction over TCPA claims.") (citation omitted).

### III. Venue

Pursuant to 28 U.S.C. § 1441(a), the Southern District of Florida is the proper venue and intra-district assignment for this action upon removal because this "district and division embrace" the Circuit Court of Palm Beach County, where the Complaint was filed and pending at the time of this Notice of Removal. *See* 28 U.S.C. § 1441(a).

**IV.     Removal is Timely**

Vagaro was first served with Plaintiff's Complaint on December 15, 2023. The instant Notice of Removal has been timely filed within thirty (30) days of Vagaro's receipt of the Complaint as required by 28 U.S.C. § 1446(b). Accordingly, removal of this action to the United States District Court for the Southern District of Florida, West Palm Beach Division is proper and timely.

**V.      Rule of Unanimity**

The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal or file a written consent to the removal. While Vagaro is not the only defendant in this action, it is the only defendant that has been served or otherwise properly joined. As a result, the rule of unanimity only requires that Vagaro (as a party properly served and joined in this action) join in and consent to such removal. *See Packard v. Temenos Advisory, Inc.*, 159 F. Supp. 3d 1344, 1353 (S.D. Ga. 2016) (holding that defendants have shown the unanimity requirement was satisfied where, at the time the consenting defendant had filed its notice of removal, the other defendant "had not yet been properly joined and served in the state-court action"); *see also Hobson v. Bibb Cnty. Comm'n*, No. 7:07-CV-00502-LSC, 2007 WL 9717340, at *4 (N.D. Ala. Oct. 24, 2007) ("While the rule of unanimity requires all defendants to consent to removal in cases involving multiple defendants, it is 'well settled that a defendant need not join in a removal if it has not been served with process at the time the removal notice is filed.'").

**VI.     Notice Provided**

Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of the instant Notice of Removal will be promptly served on all parties, and a copy will be promptly filed with the Clerk of the Court for the Circuit Court. A copy of the Notice of Filing of Notice of Removal that will

be promptly served on all parties and filed with the Clerk of the Court for the Circuit Court is attached hereto as "**Exhibit B**."

### VII. Process and Pleadings

As required by 28 U.S.C. § 1446(a) and Local Rule 7.2, Vagaro has attached copies of the Circuit Court process and pleadings to this Notice of Removal. A true and legible copy of all process, pleadings, orders, and other papers or exhibits of every kind then on file in the Circuit Court are attached hereto as "**Exhibit A**."

### VIII. Process and Pleadings

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Vagaro's right to assert any defense or affirmative matter, including without limitation a motion to dismiss pursuant to Fed. R. Civ. P. 12. Indeed, Vagaro does not accept the allegations in the Complaint as true, denies that it violated any laws, and expressly reserves all defenses and rights with respect to Plaintiff's claims. *See, e.g.*, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006).

### CONCLUSION

Vagaro has satisfied all required removal procedures. Accordingly, pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a), and 1446 this Court has jurisdiction over this action, and Vagaro hereby removes this action from the Circuit Court to this United States District Court for the Southern District of Florida. Vagaro respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court. Vagaro further requests any other relief that the Court deems appropriate under the circumstances. Should any questions arise as to the propriety of the removal of this action, Vagaro respectfully requests the opportunity to submit additional papers and to present oral argument.

Dated: January **12**, 2024.                    Respectfully submitted,

By:     */s/ Jamey R. Campellone*____
BETH-ANN E. KRIMSKY
Florida Bar No. 968412
E-mail: beth-ann.krimsky@gmlaw.com
E-mail: clemencia.corzo@gmlaw.com
JAMEY R. CAMPELLONE
Florida Bar No. 119861
Email: jamey.campellone@gmlaw.com
Email: gabby.mangar@gmlaw.com
**GREENSPOON MARDER LLP**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Tel: (954) 527-6296
Fax: (954) 333-4296

*Attorneys for Vagaro, Inc.*

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on this **12th** day of **January**, 2024, a copy of the foregoing Notice of Removal was filed with the Clerk of the Court using CM/ECF. The undersigned also certifies that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

By:     */s/ Jamey R. Campellone*____
JAMEY R. CAMPELLONE